UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | |
| | : | **GRAND JURY ORIGINAL** |
| | : | |
| | : | **(UNDER SEAL)** |
| **ANDREW WARREN,** | : | |

### GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INDICTMENT AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, Channing D. Phillips, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal indictment and the instant motion to seal and to delay entry on the public docket of this motion to seal and all related matters. This sealing is sought only for the period from the filing of this motion until the defendant's first appearance in Court. In support of this motion, the government states as follows:

The defendant in this case is being charged with sexual abuse in the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 2242(2), and Title 18, United States Code, Section 7(9).

Based on conversations with the defendant's attorney, it is anticipated that the defendant will voluntarily surrender to face this charge. The defendant, until recently, was a high level government employee who has extensive contacts abroad and the ability to flee. Moreover, there has been world-wide, and explosive media coverage of this case. Undersigned counsel therefore believes that any media coverage of the return of this indictment may cause the defendant such consternation that he

would renege on his agreement to surrender.  Such conduct would potentially spark a world-wide man hunt.  Accordingly, it is essential that any information concerning the return of the indictment be kept sealed until the defendant's presentment.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until the defendant makes his first appearance after a voluntary surrender.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, it is respectfully requested that this motion be granted.

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
                              D.C. Bar # 415793
                              United States Attorney

BY:   _____

        Julieanne Himelstein
        Assistant United States Attorney
        D.C. Bar No. 417-136
        Federal Major Crimes Section
        555 4th Street, N.W., Room 4826
        Washington, D.C. 20530
        (202) 514-8203