UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 09-158 (ESH) |
| v. : | |
| : | |
| ANDREW WARREN, : | |
| : | |
| Defendant. : | |
| : | |

UNITED STATES' MOTION IN LIMINE TO INTRODUCE
OTHER CRIMES AND BAD ACTS EVIDENCE PURSUANT TO
FEDERAL RULES OF EVIDENCE 404(b) AND 413

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves *in limine* for admission of certain evidence pursuant to Federal Rules of Evidence 404(b) and 413.  The government relies upon the points and authorities cited herein and at any hearing on this matter to support its request for admission of this evidence.

I.   PROCEDURAL BACKGROUND

On June 18, 2009, the defendant was charged via indictment with one count of Sexual Abuse within the Special Maritime and Territorial Jurisdiction of the United States, in violation of 18 U.S.C.§§ 2242(2) and 7(9).   On June 30, 2009, the defendant was arrested in the District of Columbia and appeared before Magistrate Judge Facciola.

II.   FACTUAL BACKGROUND

On or about February 17, 2008, the defendant was employed by the United States Central Intelligence Agency, and was working at the United States Embassy in Algiers, Algeria.  Due to his position with the United States Government, the defendant had diplomatic immunity and was immune from Algerian legal process.  While the defendant was working in Algeria, the United States Embassy provided the defendant with a house to live in, which was leased and paid for by

the United States Government.  The defendant was the sole occupant of the house, and he used it as his residence while in Algeria.

On or about February 17, 2008, the defendant invited Person A to his residence in Algeria.  Although the defendant and Person A had previously met at various diplomatic functions in Africa over the course of several months, the defendant and Person A were acquaintances and did not have a romantic relationship.  At his residence, the defendant made a drink for Person A and served the drink to Person A.  Person A consumed part of the drink and suddenly became very ill.  Person A passed into semi-consciousness, and while semi-conscious, the defendant took off her clothes and engaged in a sexual act with her when she was incapable of appraising the nature of the conduct and was physically incapable of declining participation in, or communicating unwillingness to engage in said sexual act.  The defendant made a statement admitting to sexual intercourse with Person A, but the defendant asserts that it was consensual sex.

III.   NOTICE OF THE GOVERNMENT'S INTENT TO SEEK ADMISSION OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 413

The government hereby gives notice to the defendant that the government may seek to admit evidence pursuant to Federal Rules of Evidence 404(b) and 413.  Rule 404(b) requires the government to provide the defendant with "reasonable notice in advance of trial" of its intent to introduce evidence pursuant to this rule.  *See* Fed. R. Evid. 404(b) (West 2008).  The notice should inform the defendant of "the general nature" of the evidence that the government will seek to admit.  *Id*.  Rule 413 requires the government to disclose evidence at least fifteen days before the scheduled date of trial.  See Fed. R. Evid. 413(b) (West 2008).  Accordingly, the government

hereby gives the defendant notice of its intent to introduce evidence that the defendant committed a similar act of sexual abuse against another victim approximately four and a half months prior to the offense charged in the indictment.

Specifically, the government may seek to introduce testimonial evidence that on or about September 30, 2007, the defendant invited several individuals including a young woman, hereinafter described as Person B, to his residence in Algiers, Algeria. The defendant provided Person B with alcoholic drinks. After consuming the drinks, Person B became violently ill. Person B was then assisted by a female friend to a nearby spare bedroom. Person B was feeling very sick and could not walk without assistance from her female friend. After entering the spare bedroom, Person B passed into a semi-conscious. Person B then passed into unconsciousness. The female friend started to get in the same bed as Person B, but the defendant stopped her and walked her up to a spare bedroom located upstairs.

The next morning, Person B woke up in the downstairs bedroom and felt irritation in her genital area that lead her to believe that someone had sexual intercourse with her during the night. However, due to her physical condition and sickness the night before, Person B had no recollection of anything that happened the previous night after she became violently ill. During the night, sometime after her female friend put Person B in bed, someone entered the spare bedroom, removed Person B's bra and underwear while she was unconscious, and left what appeared to be a used condom on the floor next to the bed. The defendant made a statement admitting that he had sexual intercourse with Person B, but the defendant asserts that it was consensual sex.

IV       LEGAL ANALYSIS

All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority. *See* Fed. R. Evid. 402 (West 2008). Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401 (West 2008).

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." *Id*. at 929. As the Court of Appeals has noted *en banc*, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, "Rule 404(b) bars not evidence as such, but a theory of admissibility." *Id*. As the Court stated in *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'" *Id*.

Further, Federal Rule of Evidence 413 provides that in a case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant.  *See* Fed. R. Evid. 413 (West 2008).

All evidence, whether admissible under Rule 404(b) or Rule 413, is subject to the strictures of Rule 403.  Thus, the admissibility of other crimes or bad acts evidence rests on a two-step inquiry regarding first, whether the other crimes evidence is relevant to an issue in the case and secondly, whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases"- even when other crimes evidence is involved.  *See United States v. Moore*, 732 F.2d 983, 987, 989 (D.C. Cir. 1984); *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").

The evidence regarding the sexual abuse of Person B is clearly relevant concerning the offense charged in the indictment because the evidence has the tendency of making the existence of facts regarding the charged offense more or less probable than without the proffered evidence.  Further, the sexual assault evidence regarding Person B is clearly the type of propensity evidence contemplated by Rule 413.  Additionally, the evidence is admissible under 404(b) for the non-propensity purpose of establishing proof of motive, opportunity, intent, preparation, plan knowledge and absence of mistake.  Prior acts of sexual abuse are admissible to prove intent if

5

there is a "threshold level of similarity" between those acts and the charged offenses. *See e.g. United States v. Long*, 328 F.3d 655, 661 (D.C.Cir. 2003).

There can be little argument that the defendant's other act of sexual abuse is similar to his abuse of Person A.  The evidence regarding Person B involves allegations of very similar conduct occurring in the same location by the same defendant within the time span of approximately four and a half months.  Specifically, both Person A and Person B state that they drank beverages made by the defendant, became very ill after drinking the beverages that the defendant gave to them, and then both state that they then passed into semi-conscious or unconscious state.  Both Person A and Person B state that were sexually abused by the defendant while in a semi-conscious or unconscious state.  Further, there is no evidence that Person A and Person B know each other, or were aware of the other's statement when they described their respective incidents to United States officials.  This baseline similarity between the proffered evidence and the charged offense satisfies Rule 404(b).  *See e.g. Long*, 328 F.3d at 661-62 (evidence must be relevant to show a pattern of operation that suggests intent and that undermines defendant's innocent explanations . . . the proffered evidence does not have to be identical to the charged offense, so long as they are closely related) (citations omitted).  The evidence regarding Person B may also be introduced to rebut any innocent explanation that the defendant might offer for his conduct.  Rule 404(b) does not preclude the use of other bad acts evidence for this purpose.  Moreover, if the Court were to conclude that some of the evidence which the government seeks to admit may not be considered for propensity, it can instruct the jury in the beginning of the trial and in its final charge regarding how the evidence may be used.

WHEREFORE, for the reasons stated above, the United States respectfully requests that the Court grant this *motion in limine* and permit the government to admit evidence regarding Person B pursuant to Rules 404(b) and 413 of the Federal Rules of Evidence.

Respectfully Submitted,

CHANNING PHILLIPS
Acting United States Attorney

BY: _____/s/_____
JULIEANNE HIMELSTEIN
Assistant United States Attorney
Bar No. 417136
Federal Major Crimes Section
555 4th Street, N.W.,
Washington, DC 20530
(202) 514-8203
julieanne.himelstein@usdoj.gov

_____/s/_____
CHRISTINE DUEY
Trial Attorney
Domestic Security Section
United States Department fo Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
202-305-9333
christine.duey@usdoj.gov