

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

CR 09-158-ESH

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

May 24, 2010

William R. Martin, Esq.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

**FILED**

**JUN 07 2010**

Re:   United States v. Andrew Warren

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dear Mr. Martin:

This letter sets forth the full and complete plea offer to your client, Andrew Warren, from the Criminal Division of the United States Department of Justice and the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "the Offices"). This plea offer will expire on June 7, 2010. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

Your client agrees to plead guilty to a Two Count Information; Count One of the Information charging your client with Abusive Sexual Contact, in violation of Title 18, United States Code, Section 2244(a)(1), and to waive venue and plead guilty to Count Two of the Information, charging your client with Possession of a Firearm by an Unlawful User of a Controlled Substance, in violation of Title 18, United States Code, Section 922(g)(3). Further, since your client agrees to plead guilty to a charge of Possession of a Firearm by Unlawful User of a Controlled Substance, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, your client agrees to forfeit his interest in any firearm involved in or used in willful violation of Title 18, United States Code, Section 922(g)(3), specifically the Glock Model 19 that was seized by law enforcement officers on April 26, 2010.

Your client understands that pursuant to Title 18, United States Code, Sections 2244(a)(1), 3571(b)(3), and 3583(k), Abusive Sexual Contact carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of not less than five years and up to life, and an obligation to pay any applicable interest or penalties on fines not timely made. Further, your client understands that pursuant to Title 18, United States Code, Sections 922(g)(3), 3571(b)(3), and 3583, Possession of a Firearm by an Unlawful User of a Controlled Substance

carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and an obligation to pay any applicable interest or penalties on fines not timely made. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines" or "U.S.S.G"), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by the Offices or by the United States Attorney's Office for the Eastern District of Virginia for the conduct set forth in the attached Statement of Offense or for the conduct alleged in the indictment filed in Criminal Case No. 2:10cr92 in the Eastern District of Virginia. Further, your client will not be further prosecuted by the Offices for any offenses based on information, materials or images found on his computer or computers that were seized or any other personal property seized during a search of his residence, computers, or other property in relation to this matter about which the government is aware at the time of the execution of this agreement. In addition, at the time of sentencing, the Government will move to dismiss Criminal Case No.: 2:10cr92, filed in the Eastern District of Virginia on May 21, 2010 and Criminal Case No. Cr-09-158 (ESH) filed in the District of Columbia on June 18, 2009.

Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

**Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in Title 18, United States Code, Section 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2007 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the paragraph set forth below. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

**A. Offense Level under the United States Sentencing Guidelines**

(1) Abusive Sexual Contact **(Section 2A3.4(a)(1))**

Estimated Base Offense Level:     20

(2) Unlawful Acts **(Section 2K2.1(a)(6)(A))**

Estimated Base Offense Level:     14

(3) Adjustment for Multiple Counts **(Section 3D1.4(b))**

Adjusted Offense Level:     21

B. **Adjustment for Acceptance of Responsibility**

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Assuming your client demonstrates the abovementioned acceptance of responsibility, application of the 3-level reduction for acceptance of responsibility creates a Total Adjusted Offense Level of 18.

**Guideline Departures**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

**Agreement as to Sentencing Allocution**

The parties further agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of the Guidelines range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not

intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1, Title 18, United States Code, Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Waiver of Rights

In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

### Court not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Sexual Offender Registration

Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act [18 U.S.C. § 2250, 42 U.S.C. §§ 16911, 16915], he is required to register as a sex offender for a period of twenty-five years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to Title 18, United States Code, Section 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to

ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to Title 18, United States Code, Section 3583, and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the convictions following your client's pleas of guilty

pursuant to this Agreement be vacated for any reason, then any prosecution for the conduct included in the statement of offense that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution for the conduct at issue in this case that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to Title 18, United States Code, Section 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Appeal Waiver

Your client is aware that federal law, specifically Title 18, United States Code, Section 3742, affords your client the right to appeal the sentence in this case. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to Title 18, United States Code, Section 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 ~~or based on a consideration of the sentencing factors set forth in Title 18, United States Code, Section 3553(a)~~. Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and the Criminal Division of the United States Department of Justice. This Agreement does not bind the Civil Division of the United States Attorney's Office for the District of Columbia nor does it bind any other United States Attorney's Office, with the exception of the Eastern District of Virginia as it relates to Criminal Case No. 2:01cr92, or any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

*[signature]*
RONALD C. MACHEN JR.
United States Attorney

*[signature]*
JULIEANNE HIMELSTEIN
Assistant United States Attorney

*[signature]*
CHRISTINE DUEY
Trial Attorney
United States Department of Justice

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, William R. Martin, Esquire and Mark David Hunter, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 6/7/10

Andrew Warren
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 6/7/10

William R. Martin, Esquire
Attorney for the Defendant

Mark David Hunter, Esquire
Attorney for the Defendant