**FILED**

**JUN 0 7 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 09-158 (ESH) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| ANDREW WARREN, | : | 18 U.S.C. § 2244(a)(1) and § 7(9) |
| | : | (Abusive Sexual Contact in the |
| Defendant. | : | Special Maritime and Territorial |
| | : | Jurisdiction of the United States) |
| | : | |
| | : | 18 U.S.C. § 922(g)(3) |
| | : | (Possession of a Firearm by Unlawful |
| | : | User of a Controlled Substance) |
| | : | |
| | : | 18 U.S.C. §924(d) |
| | : | Forfeiture Allegation |

## STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Andrew Warren, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty.

1. Andrew Warren ("Warren") is a national of the United States. In and around February 2008, Warren was employed by the United States Central Intelligence Agency, and was assigned to the United States Embassy in Algiers, Algeria.

2. While Warren was assigned to work at the United States Embassy in Algeria, he was provided a house which was leased and paid for by the United States Government. Warren

1

was the sole occupant of the house, and he used it as a residence while in Algeria. This residence is within the special maritime and territorial jurisdiction of the United States, because the residence was used for the purposes of the United States mission in Algeria and also was used by Warren as a residence while he was assigned to the United States mission in Algeria.

3. In and around 2007, Person A became acquainted with Warren at various diplomatic functions in Africa over the course of several months. Warren and Person A were mere acquaintances and did not have a romantic or sexual relationship.

4. On or about February 17, 2008, Warren invited Person A to his house in Algeria. At his residence, Warren made two drinks for Person A. Person A consumed the first drink, and after she began to consume the second drink, she suddenly became very ill. Although Person A had consumed alcoholic beverages previously, the sudden onset of illness was unlike any reaction to alcohol that she had ever experienced previously. Person A felt extremely sick, became very confused, and passed into unconsciousness. Throughout the next hour or so, Person A experienced bouts of consciousness, in which she felt as if she were paralyzed, and then she passed back into unconsciousness.

5. While Person A was unconscious and unable to defend herself, Warren engaged in sexual contact by touching the genitalia of Person A with his penis. At no time during the events of February 17, 2008, did Person A consent to any sexual contact or any sexual act with Warren.

6. Warren committed this sexual contact with the intent to arouse the sexual desire of himself, and accordingly, knowingly engaged in sexual contact with Person A after he provided her the drink and knowingly rendered her unconscious. While unconscious, Person A was incapable of appraising the nature of the conduct and physically incapable of declining

participation in or communicating unwillingness to engage in said sexual contact.

7. On or about April 26, 2010, Warren unlawfully used cocaine in the Ramada Limited motel in Norfolk, Virginia and elsewhere. The cocaine used by Warren was a controlled substance as defined in Title 21, United States Code, Section 802. While using cocaine on April 26, 2010, Warren possessed a Glock Model 19, 9mm semi-automatic pistol. Warren carried this pistol in the right front pocket of his shorts. This pistol was fully loaded with ammunition, and there was a bullet in the chamber of the pistol. This weapon had been shipped and transported in interstate commerce. Warren's possession of this weapon was in violation of Title 18, United States Code, Section 922(g)(3).

_____
JULIEANNE HIMELSTEIN
Assistant United States Attorney

_____
CHRISTINE DUEY
Trial Attorney, Department of Justice

6-7-2010
Date

_____
WILLIAM R. MARTIN, ESQ.
Attorney for the Defendant

_____
MARK DAVID HUNTER, ESQ.
Attorney for the Defendant

_____
ANDREW WARREN
Defendant

6/7/10
Date

## DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my lawyers, William R. Martin, Esq. and Mark David Hunter, Esq. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 6/7/10

ANDREW WARREN
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 6/7/10

WILLIAM R. MARTIN, ESQ.
Attorney for Defendant Andrew Warren

Date: 6/7/10

MARK DAVID HUNTER, ESQ.
Attorney for Defendant Andrew Warren

4