UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 09-158(ESH) |
| | : | |
| ANDREW WARREN, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO COURT'S INQUIRY REGARDING
ENHANCEMENTS AND UPWARD DEPARTURES**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's inquiry regarding the "vulnerable victim" enhancement and upward departures pursuant to §5K2.0(a)(1)(b); §5K2.2 and §5K2.3.

**I.   BACKGROUND**

On June 7, 2010, the Court accepted the plea agreement in which the defendant entered a plea to Abusive Sexual Contact, in violation of 18 U.S.C. §2244 (a)(1) and Possession of a Firearm by Unlawful User of a Controlled Substance, in violation of 18 U.S.C.§ 922(g)(3). On January 31, 2011, the sentencing hearing commenced and the Court heard evidence presented by the defense. Before the parties began to allocute, the Court stated that it was considering upward departures based on §5K2.0(a)(1)(b); § 5K2.2 and § 5K2.3. The Court then inquired about whether the parties thought that the "vulnerable victim" enhancement applied pursuant to §3A1.1(b)(1). The defense responded that it had "no position" and the government responded, "Yes." The Court then ordered the parties to supplement their sentencing memoranda in response to the Court's inquiry regarding both the "vulnerable victim" enhancement and more specifically about the "upward departures."

1

The government's response is as follows:

Upon further reflection the government does *not* believe that the vulnerable victim enhancement applies. Indeed, commentary note 2 of §3A1.1(b)(1) provides that the enhancement does not apply "if the factor that makes the person a vulnerable victim is incorporated into the offense guideline." The offense guideline §2A3.4 is based exclusively on §2244 (see Commentary, Statutory Provision) which has a requirement of incapacitation or vulnerability. Therefore, the incapacity or vulnerability is already incorporated into the offense guideline.

Moreover, the parties have reached an agreement. The agreement provides that the guideline calculation is 18 which has a range of 27 to 33 months. So even if we thought that the enhancement applied, it would be outside of the agreed upon guidelines and should not be applied.[1] Moreover, with respect to the "upward departures" that the Court expressed it is contemplating, government counsel will not seek such a departure under any provision upon which the Court relies. See, e.g., United States v. Nolan-Cooper, 155 F.3d 221, 235-241(3rd Cir.1998).

Finally, the Court inquired about the facts which were presented at the time of the plea and the facts that the Court had received outside of the plea. The agreed upon facts which are contained in the Statement of Offense are facts to which the parties agreed and formed a basis for the plea agreement. The Court accepted those facts as part of the plea agreement in this case. Additional facts which are outside of the Statement of Offense and which the Court referenced at

---

[1] Counsel for the government answered the Court's question since the plea agreement provides that either counsel have the "right to answer any related inquires from the Court" in the context of the Court considering adjustments or "calculations different from any stipulations contained int his Agreement". *See page 4 of the Plea Agreement*

the sentencing hearing may or may not have been proved at trial.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

_____/s/_____
JULIEANNE HIMELSTEIN
Assistant United States Attorney

_____/s/_____
CHRISTINE DUEY
Special Assistant United States Attorney