ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 09-158 |
| ) |  |
| v. ) | **FILED** |
| ) | JAN 1 7 2017 |
| ANDREW WARREN ) | Clerk, U.S. District & Bankruptcy |
| Defendant ) | Courts for the District of Columbia |
| ) |  |

Last Hearing Date: March 3, 2011      Honorable Ellen Segal Huvelle

Motion to Terminate Supervised Release



RECEIVED
Mail Room
  1 7 2017
D. Caesar, Clerk of Court
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>ANDREW WARREN )<br>       Defendant )<br>)<br>) | Criminal Case No. 09-158 |

**MOTION TO TERMINATE SUPERVISED RELEASE**

     NOW COMES, Andrew Warren, appearing pro se, and he files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § § 3583(e)(1) and 3564(C),

**INTRODUCTION**

     The district court enjoys "broad discretion" when, after "taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

     Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

     "Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.  This is the standard when considering motions to terminate supervised release

     As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person

released," once at least a year of release time has been served.
Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

## DISCUSSION

Because I have satisfied the requirements of 18 U.S.C. § § 3583(e)(1) and 3564(C), I, now respectfully asks this court to terminate my term of supervised release. I have served two and one half years of supervised release and during this time, my conduct has been exemplary and inspirational. In addition, this court should terminate my term of supervised release because by doing so, the 'interest of justice' is best served and the government resources will be conserved.

I. <u>I Deserve to Have My Term of Supervised Release Terminated Because of My Exceptionally Good Conduct</u>

In this instance, the court should terminate my period of supervised relief because I have shown exemplary conduct and inspiring post-conviction adjustment. **See attached affidavit of Andrew Warren and exhibits**. "Early termination of supervised release is a discretional decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior." *United States v. Atkin*, 2002 WL 378076 (6th Cir. Mar. 8, 2002), *citing United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). This court's exercise of discretion is warranted since circumstances have changed since my conviction and in the two and one half years since I have been on supervised release. I have tried to show through my conduct that I am a person who has learned valuable lessons from my mistakes. I strive to add value to the lives of others and I appreciate my life as a gift.

In an effort to prove myself worthy of this second chance at life, I have fully complied with the court's express terms of supervision, including abstaining from drug use. I obey the law and diligently comply with all the requirements of the Probation Department. In addition, I have successfully passed four polygraphs which further corroborates that I am in full compliance with my terms of supervised release. I am proud to live a productive life. Since being released from prison, I passionately serve as a minister at Infinity Mennonite Church in NYC and I fervently deliver a message of hope, redemption and God's love to communities in need. I regularly maintain my spiritual, emotional and physical health by conducting out-reach programs, attending weekly therapy sessions, taking medicine for my PTSD and conducting exercise classes.

II. <u>I Deserve to Have My Term of Supervised Release Terminated Because By Doing so, the Interest of Justice is Best Served</u>

When evaluating my offense, conduct, criminal history, and potential for committing further crimes, I believe that this court will find that my further and continued supervision is not required. I meet the all of the criteria, as suggested by the U.S. Administrative Office of the

Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

Specifically, as further elaborated in my attached affidavit, I meet all of the following suggested criteria from Publication 109 (p.20):

- I have demonstrated stable community reintegration; I am an associate pastor at the Infinity Mennonite Church in Harlem and I have close relationships with my family and friends;
- I have made progressive strides toward supervision objectives and am in compliance with all conditions of my supervision;
- I have no aggravated role in the offense of my conviction, particularly with large drug or fraud offenses;
- I have no history of violence
- I have no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
- I have no recent evidence of alcohol or drug abuse; I abstain from the use of drugs or alcohol and I submit to regular drug and alcohol monitoring and polygraphs which all corroborate my abstinence.
- I have no recent psychiatric episodes; I attend regular therapy sessions, I will continue to do so and I take medication to help manage my symptoms of PTSD.
- There is no identifiable risk to the safety of any identifiable victim; and
- I present no identifiable risk to the public's safety based on the Risk Prediction Index (RPI). Although there are now newer generations of risk and needs assessment instruments implemented according to the *Administrative Office of the United States Courts Office of Probation and Pretrial Services, An Overview of the Federal Post Conviction Risk Assessment (September 2011)*, after assessments using all instruments, I present a very low risk to public safety. It should also be noted that according to the risk principle, the level of correctional intervention should match the client's risk of recidivism. Higher-risk persons require more intensive services in order to reduce reoffending, while lower-risk persons need less intervention. *Id* at page 3.

Since I present a low risk to harming society, my risk of recidivism is extremely slight and my conduct demonstrates an exceptional desire to contribute in a beneficial manner, in the interest of justice, my term of supervised release should be terminated so as to reallocate valuable government resources where they are needed.

## CONCLUSION

According to Title 18 U.S.C. § 3583(e)(1), I have the right to apply for early termination of my term of supervised release so long as I have served one year of my probation and considering many factors, this court determines that because of my conduct and in the interest of justice, I warrant an order for early termination. I pray that this court views me as the man I am today; as one who is striving to better himself and his community through the teaching of the

Bible, and not as the man I was before. I respectfully ask this court to terminate my supervised release so that I may to reach out, without restrictions, to communities that need my help and message of hope. I pose no risk to society, my risk of recidivism is slight and I have complied with all the terms of my probation for almost two and one half years. Thus, in the interest of justice and for the sake of conserving valuable government resources, I respectfully ask this court to terminate my term of supervised release.

WHEREFORE, premises considered, Andrew Warren asks this court to terminate his supervised release term early for the aforementioned reasons.

Respectfully Submitted,

_____                          Dated: Jan 12, 2017

### CERTIFICATE OF SERVICE

I, Andrew Warren, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via U.S. Mail, to the following parties on this 12th day of January, 2017.

U.S. Attorney's Office
555 Fourth Street, NW

Washington, D.C. 20530

_____
Andrew Warren

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA )<br>            Plaintiff ) | ) | Criminal Case No. 09-158 |
| v. | ) ) ) | |
| ANDREW WARREN<br>            Defendant | ) ) ) ) | |

**Affidavit in Support of Motion to Terminate Supervised Release Period**

I, Andrew Warren, swear under the penalties of perjury that the following statements are true;

1. In Mid-August 2014, I was released from Ashland Federal Correctional Institution. As part of my sentence, I began my 10 year term of supervised release. I live in New York City and after two and a half years of reporting faithfully and responsibly to my probation office, I now seek to terminate my supervised release period due to my sincere and exemplary conduct. In addition, it is in the interest of justice that my period of supervised release be terminated so that I can better serve the community and conserve the government's resources, at the same time.

2. After over a dozen years of substantial and productive work for the United States government, often in the most dangerous spots in the world, I was prosecuted for a crime and sentenced to 65 months of incarceration followed by 10 years of supervised release. This was a very traumatic time for me in so many ways. I was coming off of an addiction to drugs and alcohol and my PTSD, which I developed because of my many years of exposure to violence, was raging and emotionally crippling me. I felt that my life was in ashes and because of the wind, I was disappearing. When I was sentenced to prison, I realized that this was my defining moment. I could wallow in my emotional pain and humiliation, or I could pick my head up and become the strong, healthy and inspirational man that God wanted me to be. I knew that God gave me these choices and because of my strong belief in redemption, I chose to be the phoenix rising from the ashes. While I was in prison, I took over 40 classes and programs to better my mind, spirit and body. These classes included numerous cognitive behavioral programs and the 6 month non-residential drug abuse program. See **Exhibit A** for certificates of excellence and completion of programs while incarcerated. Because of my determination to become healthy, I attended Alcohol Anonymous (AA) and Narcotics Anonymous (NA) programs every week for 4 years. I was healing and I wanted to share my knowledge and help

others.  Thus, to help my prison community and I taught public speaking and fitness exercises to other inmates.  I became an enthusiastic participant in weekly church services and bible studies, as well.  As I grew confident that God was giving me a second chance, so blossomed my love for Him.  With a joyful heart, I was baptized in 2013.

3. In August of 2014, I was released from prison and I moved to New York City.  Fortified by the grace of God, my goal became to help others understand that they, too, are cherished by God and can live their lives in a positive way.  After my release, I started attending a local church (Infinity Mennonite Church) and bible study, weekly.  In furtherance of my goal, in February 2015, I began teaching a weekly discipleship course at the church.  To date, I have lead over 90 weekly discipleship classes. In May of 2015, I was ordained as a minister and I am now functioning as an associate pastor at Infinity Mennonite Church in Harlem. As such, I have passionately preached over 20 sermons and I welcome every opportunity to teach about Jesus Christ.  All my classes and sermons can be seen on my ministry website at www.faithhopelove.us.  See **Exhibit B** for Statement of Support from Pastor Al Taylor, Minister Teddy Morris and congregants of Infinity Mennonite Church.  On Oct 18, 2016, I was licensed as a Marriage Officiant in New York City. See **Exhibit C** for ordination and marriage officiant certificates.

4. I have worked hard to rehabilitate myself.  My conduct has been exemplary because I want to become a message of hope for others.  I recognize that becoming the man that God wants me to be means that I must never stop cultivating my mental, physical and spiritual health.  Thus, from August 2014 to January 2015, I attended a weekly individual counseling session at Daytop Village and a weekly therapy session at New York Forensic.  From January 2015 until the present, I have continued a weekly therapy session at New York Forensic and added a monthly meeting at Daytop Village, voluntarily. This extra therapy meeting allows me to share with others who need inspiration and understanding. I am now attending mental health treatment at Mt. Sinai under the 9-11 health program. In addition, I no longer drink alcohol or take drugs.  I am taking care of my mental health by taking medication for my PTSD, and I will continue to do so.  I have a strong support system in that I live near my sister and I have a close relationship with my family whom I speak with each day.  I have friends who are supportive of me and encourage my efforts to give back to communities less fortunate than myself.  See **Exhibit D** for Affidavits from friends and family. I hope this court will see how hard I have worked to change my life.  Further, in August 2016, I participated in a walk through the city to promote peace with my pastor.  A local magazine, Positive Community, photographed the walk and included a photo of me in their Harlem Summer issue (**Exhibit E**).  **Exhibit E** also includes my World Trade Center 9-11 ID card where I have started receiving mental health treatment.

5. Not only has my conduct been exemplary, but I sincerely believe that it would be in the interest of justice to terminate my term of supervised release. I now do full-time ministry and I am making this motion as a means to continue helping others in my ministry. I have voluntarily done over 1000 hours of community service since my return to NYC.  I have published three Christian books and published 100's of daily devotionals I promote via a ministry website.  See **Exhibit F** for my ministry website, details of my published books,

and YouTube videos of over 60 of my sermons and classes I preached/taught over the last 2 years. In addition to teaching weekly discipleship classes and preaching activities at IMC; I started "Faith Hope Love Ministries" Harlem USA in 2015 and participated in the following outreach & ministry events in 2015 and 2016:

- **May 15, 2015** • Participated in conference of ministers at American Bible Society (justice, millennials, & strategic ministry changes & challenges.)
- **July 11** • Luis Palau Outreach in Central Park, NYC
- **July 25** • "100 ministers on 100 street corners" with Bethel Gospel Assembly "Operation spiritual thunder."
- **August 1** • Harlem Revive in Harlem "unity in the community" at Jackie Robinson park
- **Aug 29** • street ministry outreach at IMC in Harlem
- **Sept 26** • street ministry outreach at IMC in Harlem
- **October 24** • street ministry outreach in the Bronx (ministering/food and clothes distribution)
- **October 31** • street ministry outreach at IMC in Harlem
- **November 28** • street ministry outreach at IMC in Harlem
- **January 2, 2016** • street ministry outreach at IMC in Harlem
- **February 6** • street ministry outreach at IMC in Harlem
- **March 5** • street ministry outreach at IMC in Harlem
- **March 13** • Keynote speaker at Samaritan Outreach Ministry (SOM) church
- **April 2** • street ministry outreach at IMC in Harlem
- **April 10** • Keynote speaker for men's day event at Naomi Temple AME Zion Church in Long Island
- **May 7** • Christ Fit in park @ Yankee Stadium
- **May 21** • Christ Fit in park @ Yankee Stadium
- **May 28** • street ministry outreach at IMC in Harlem
- **June 2** • Food Pantry at IMC in Harlem
- **June 6** • Keynote speaker at Samaritan Outreach Ministry (SOM) church
- **June 18** • Christ Fit in park @ Yankee Stadium
- **June 18** • Speaker on primary stage at the Revive in Harlem "unity in the community" at Jackie Robinson park
- **June 25** • Performed funeral service at IMC in Harlem
- **July 2** - street ministry at IMC in Harlem
- **July 14** - Coordinated food pantry at IMC in Harlem
- **Aug 4**- Coordinated food pantry at IMC in Harlem
- **Aug 21** - Guest preacher at Church of the Covenant at 42nd street in NYC
- **Aug 27** - street ministry at IMC in Harlem
- **Sept 8** - Coordinated food pantry at IMC in Harlem
- **Sept 17** - Participated in pastor's conference at Camp Deerpark, NY
- **Sept 24** - street ministry at IMC in Harlem
- **Oct 5** - Christ Fit in park next to Yankee Stadium
- **Oct 6** - Coordinated food pantry at IMC in Harlem
- **Oct 19** - Christ Fit in park next to Yankee Stadium

- **Oct 23** - Guest Preacher at Samaritan Outreach Ministry (SOM) in Virginia
- **Nov 17** - Coordinated food pantry at IMC in Harlem
- **Dec 15** - Coordinated food pantry at IMC in Harlem
- **Dec 31** - street ministry at IMC in Harlem

Increasingly, Christian communities outside of the State of New York are reaching out to me to help spread my message of hope. Because of being on supervised release, I must decline these opportunities to preach about God's love because some are often with short notice which makes it difficult to obtain permission. In truth, the use of government resources to keep me on probation could also be conserved and put to better use. I am not the man I used to be but with the grace of God I will eventually become the man God intended me to become. I have served my time and I only wish to move forward in a positive direction. My story is not about what I lost, but what I have gained through Jesus Christ! I have a strong desire to help those who are lost or depressed as I was. Out of my mess, God has given me a message to share with others. I cannot fully share this message on supervised release because I cannot freely travel to where I am needed.

6. Specifically, I ask to terminate my supervised release in the interest of justice because I sincerely desire to help those who need my message. Being on supervised release serves as a hindrance in reaching these people for I am not free to travel. In addition, once off supervised release, and I will help to conserve limited government resources which can be put to better use. If this court grants my Motion for Termination of Supervised Release, in addition to continuing with my above listed ministries, I wish to do the following:

   a. I want to do volunteer work in prisons but I cannot do this on supervised release. I believe that since I was incarcerated, I have a unique view into helping other offenders.

   b. I want to be able to do missionary work abroad in countries like Haiti and other Caribbean countries. I cannot travel abroad on supervised release.

   c. I want to help my elderly parents more. They are both in their 80s and were recently in a car accident. This incident caused them to have great reflection upon their mortality. I wish to travel to Virginia from NYC more frequently and assist them in their golden years.

   d. I wish to serve as co-head of Samaritans Outreach Ministry in Norfolk, VA which I already have taken a major role. I am coordinating the opening of a NYC branch of Samaritans Outreach Ministry where I will be pastor in 2017. Thus, I want to travel regularly to Virginia and other locations as I build my ministry.

   e. I want to consult across the country and without hesitation. I have been offered other jobs outside of New York regarding my understanding of maintaining security. Being on supervised release has made it difficult and in some cases impossible to accept these jobs. By being on supervised release, I am hesitant to

seek repeated approval to travel as many of the jobs need a prompt reply. Seeking approval for every possible job or interview for my skill set makes it problematic.

I have worked hard to rehabilitate myself. I have helped myself by helping others and I pray that the court will look favorably on my Motion to Terminate my Supervised Release Period.

Signed: _____          Dated: Jan 10 2017
Andrew Warren
P.O. Box 641
New York, NY 10030

MOHINDER S. GULATI
Notary Public, State of New York
No. 01GU46593_
Qualified in New York County
Commission Expires Nov. _, 2018

State of New York
County of New York
before me on
01/10/2017