# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-0158 (ESH) |
| | ) | |
| ANDREW WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Andrew Warren, proceeding *pro se*, has filed a motion seeking early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  (Def.'s Mot. to Terminate Supervised Release, ECF No. 83.)  For the reasons stated herein, the motion is denied.

Mr. Warren began serving his 120-month term of supervised release on January 14, 2015, and it is scheduled to expire on January 13, 2025.  Having completed slightly over two years of his 10-year term of supervised release, he seeks early termination under § 3583(e)(1) based on what he characterizes as his "exceptionally good conduct" since his term of supervised release commenced, his "low risk" of recidivism based on the Probation Office's "Risk Prediction Index," and the "interest of justice."  (Mot. at 3.)

Section 3583(e)(1) provides that a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In deciding whether to grant or deny a motion for early termination, a court must "consider[] the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)":

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed—

. . .

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

(4)    the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

. . . ;

(5)    any pertinent policy statement—

. . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *see United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015).

The United States opposes Mr. Warren's request on two grounds: (1) that he is not yet eligible for early termination because his offense of conviction required the Court to impose at least a five-year term of supervised release, *see* 18 U.S.C. § 3583(k); and (2) even if he were eligible, the facts and circumstances of his particular case do not warrant early termination. (Gov't Resp. at 6.) Although the Probation Office believes Mr. Warrant is making progress in

2

reintegrating into society, it too opposes his motion, pointing out that (1) he does not in fact qualify as "low risk" based on the "Risk Prediction Index," (2) he does not meet the Probation's office's criteria for early termination because of the nature of his offense and because he has had one moderate severity violation during his term of release; and (3) he is currently receiving necessary treatment for a variety of issues.

The Court need not decide whether the fact that Mr. Warren's offense of conviction required a five-year mandatory minimum term of supervised release precludes him from seeking early termination pursuant to § 3583(e)(1)[1] because the Court is unpersuaded that early termination is warranted.  First, "even perfect compliance with conditions of release," which Mr. Warren cannot claim, "does not qualify as 'exceptionally good behavior' warranting early termination."  *United States v. Longerbeam*, No. 08-cr-0017, *slip op.*, 2016 WL 4046896, at *2 (D.D.C. July 27, 2016) (quoting *United States v. Etheridge*, 999 F. Supp.2d 192 (D.D.C. 2013)).  In addition, there are no "changed circumstances" that render the existing term of supervised release inappropriate.  *Mathis–Gardner*, 783 F.3d at 1289–90.  Moreover, the "nature and circumstances" of defendant's offense weigh against early termination.  *See* 18 U.S.C. § 3553(a)(1); *see* Guide to Judicial Policy and Procedure, Volume 8E, Chapter 3, § 380.10 ("presumption in favor of recommending early termination for probationers and supervised releasees . . . [w]ho have been under supervision for at least 42 months" does not apply to "sex offenders").  Finally, the Court agrees with the United States and the Probation Office that the special conditions of defendant's supervision in conjunction with the structure and oversight

---

[1] In another case in this district, the government has acknowledged the lack of authority supporting this argument and the existence of Supreme Court *dicta* suggesting otherwise.  *See* Gov't's Supp. Mem., *United States v. Lamar Harris*, No. 89-cr-0036 (D.D.C. Feb. 24, 2017), ECF No. 451.

provided by supervision will continue to provide a benefit to the community and to defendant himself.

Accordingly, it is hereby **ORDERED** that Mr. Warren's motion for early termination of supervised release is **DENIED**; and it is further

**ORDERED** that a copy of this Order shall be served on defendant at P.O Box 641, New York, NY 10030.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   April 5, 2017